# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MAYO, | ) | |
| Plaintiff, | ) | Civil Action No. 17-311 |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MICHAEL OPPMAN, *et.al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On January 23, 2018, the Magistrate Judge issued a Report (Doc. 38) recommending that the Motion for Partial Judgment on the Pleadings filed by Defendants Jay Lane and Michael Oppman (Doc. 24) be granted. Service of the Report and Recommendation was made on the parties. On February 14, 2018, Plaintiff filed objections to the Report and Recommendation. (Doc. 42). For the reasons stated below, Plaintiff's Objections are OVERRULED.

First, the Court overrules Plaintiff's objection that the doctrine of *res judicata* bars Defendants from relitigating issues that already were litigated in the state court. As the Magistrate Judge correctly found, the state court had no authority to enter any orders after the Notice of Removal to this court was filed, and thus any such orders (including its July 25, 2017 order disposing of Defendants' Preliminary Objections) are a legal nullity. See Wiedman v. Citywide Banks, 2009 WL 117873, at *2, n.3 (E.D. Pa. Jan. 15, 2009) (citations omitted).

The Court also overrules Plaintiff's objection to the Magistrate Judge's finding that Defendants Lane and Oppman are entitled to sovereign immunity with regard to Plaintiff's state law intentional tort claims. Plaintiff argues that the statutory exception to sovereign immunity for cases involving "care, custody, or control of personal property" applies in this case. See 42 Pa. C.S.A. § 8522(b)(3). However, while the Commonwealth Court of Pennsylvania has held that the Commonwealth may be liable to an inmate for damage to or negligent handling of personal property under its care, custody or control, Williams v. Stickman, 917 A.2d 915 (Pa. Cmwlth. 2007), it has repeatedly held that the taking of an inmate's property, including the confiscation of funds in an inmate's prison account, is not conduct that falls with that exception. See Goodley v. Folino, 2011 WL 10858491, *4 (Pa. Cmwlth. Ct. 2010); Com., Dep't of Corr. v. Tate, 133 A.3d 350, 359 (Pa. Commw. Ct. 2016).

The Court also overrules Plaintiff's objection to the Magistrate Judge's finding that Plaintiff did not sufficiently plead facts showing that Defendant Lane was personally involved in the alleged violations. As the Magistrate Judge correctly held, Defendant Lane's denial of Plaintiff's grievances does not, in itself, satisfy the requisite "personal involvement" requirement, since the alleged violations were not ongoing. Mincy v. Chmielsewski, 508 Fed. App'x 99,104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); Rogers v. United States, 696 F. Supp. 2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official."); Cardona v. Warden – MDC Facility, 2013 WL 6446999, at *5 (D.N.J. Dec. 6, 2013) (collecting

cases and noting that a plaintiff may have a claim against a supervisory defendant who reviewed a grievance where the plaintiff alleges an ongoing violation).

Further, the Court overrules Plaintiff's objection that the post-deprivation process provided to him was inadequate, since Defendant Oppman was both the subject of the grievance and the "respondent officer." Despite Plaintiff's complaints about the grievance procedure, the Court of Appeals for the Third Circuit has held that the Pennsylvania Department of Corrections (DOC) grievance procedure provides an adequate post-deprivation remedy to prisoners. Pettaway v. SCI Albion, 487 F. App'x 766, 768 (3d Cir. 2012) (citing Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000)); Dockery v. Beard, 509 F. App'x 107, 114 (3d Cir. 2013) (finding that an inmate received adequate due process for the deduction of a medical co-pay taken out of his account "because he took advantage of an adequate post-deprivation remedy – the grievance process – to challenge [the] assessment").

Finally, the Court overrules Plaintiff's claim that, because there is no record to substantiate the legitimacy of the May 24, 2016 deduction[1] from his prison account as a "medical co-pay," this deduction was a "clear-cut violation" of his due process rights. Once again, to the extent Plaintiff believed the deduction was improper or unauthorized, he could have (and in fact did) file a grievance with the DOC raising these issues. The fact that Plaintiff disagrees with the result of said grievance does not mean there was a due process violation. See Rambert v. Beard, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012) (the existence of an internal grievance program forecloses any due process claim "even if [the] inmate is dissatisfied with the result of the process.") (citing Iseley v. Horn, 1996 WL 510090, at * 6 (E.D. Pa. 1996)).

---

[1] The Court notes that, while in his Objections, Plaintiff claims that "Plaintiff's account was deducted for medical co-pays" on May 24, Doc. 42 at 11, in the Complaint, Plaintiff alleges that the actual deduction took place on April 12 and that he filed a grievance related to that deduction on May 24. Doc. 1-1 ¶ 12.

3

Thus, after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, it is hereby ORDERED that:

The Motion for Partial Judgment on the Pleadings filed by Defendants Lane and Oppman (Doc. 24) is GRANTED; and the Magistrate Judge's Report and Recommendation dated January 23, 2018, hereby is adopted as the Opinion of the District Court.

IT IS SO ORDERED.


February 20, 2018                                                s/Cathy Bissoon
                                                                  Cathy Bissoon
                                                                  United States District Judge


cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

WILLIAM MAYO
FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652