IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MAYO, | Civil Action No. 17 – 311 |
| Plaintiff, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| MICHAEL OPPMAN, DARLA COWDEN and JAY LANE, | ECF No. 54 |
| Defendants. | |

## MEMORANDUM OPINION

Pending before the Court is a Motion for Summary Judgment filed by Michael Oppman, the only remaining defendant in this case. (ECF No. 54.) For the reasons that follow, the Motion for Summary Judgment will be granted.

A. **Background**

Plaintiff is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and currently confined at the State Correctional Institution ("SCI") Smithfield in Huntingdon, Pennsylvania. He initiated this prisoner civil rights action in the Court of Common Pleas of Fayette County, and it was subsequently removed to this Court on federal question grounds by Defendant Darla Cowden on March 9, 2017. (ECF No. 1.) In his Complaint, Plaintiff alleged that Defendants, all three of whom are or were employed at SCI Fayette where Plaintiff was confined in early 2016, violated his rights under the First and Fourteenth Amendments of the United States Constitution. (ECF No. 1-1.)

Defendant Cowden filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim, which was granted by Court Order dated July 27, 2017.[1] (ECF Nos. 5, 16, 20.) On July 31, 2017, Defendants Jay Lane and Michael Oppman filed an Answer to Plaintiff's Complaint along with Affirmative Defenses and a Motion for Partial Judgment on the Pleadings. (ECF Nos. 23, 24.) By Court Order dated February 20, 2018, their Motion was granted, which resulted in the termination of Defendant Lane. (ECF Nos. 38, 43.) Defendant Oppman has now filed a Motion for Summary Judgment on Plaintiff's remaining claim, which arises from a deduction made to Plaintiff's inmate account for replacement costs of damaged or altered property on April 9, 2016. (ECF No. 54.) Plaintiff has filed several responses in opposition to the Motion (ECF Nos. 60-64), so it is now ripe for review.

**B. <u>Standard of Review</u>**

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, the pleadings, documents, electronically stored information, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a) & (c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact; that is, the movant must show that the evidence of record is insufficient to carry the non-movant's burden of proof.

---

[1] In response to the Court's Order, Plaintiff filed an interlocutory appeal to the Third Circuit, which was dismissed for lack of jurisdiction on November 28, 2017. (ECF Nos. 29, 37.)

Id. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis added by Matsushita Court). An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty-Lobby, Inc., 477 U.S. 242, 248 (1986). In Anderson, the United States Supreme Court noted the following:

> [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . . [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Id. at 249-50 (internal citations omitted).

### C. Discussion

The only remaining claim in this action is against Defendant Oppman, the Business Manager at SCI Fayette. In his Complaint, Plaintiff alleges that Defendant Oppman denied him due process in connection with a withdrawal from his inmate account in the amount of $16.25 on April 9, 2016. This withdrawal stemmed from a misconduct that Plaintiff received on February 18, 2016, for destruction or altering of property – two sheets and a towel. The property had a replacement cost of $16.25, of which Plaintiff was provided notice. Plaintiff claims that he was denied due process because Defendant Oppman withdrew the money from his inmate account prior to final resolution of his misconduct appeal in contravention of policy DC-ADM 804, Section 8(A)(4), which provides that funds shall not be deducted until the misconduct decision is finally resolved. Plaintiff's account was credited $16.25 on July 28, 2016.

3

First, to the extent Plaintiff alleges a violation of due process simply by virtue of the DOC's failure to abide by DC-ADM 801, Section 8(A)(4),[2] in that the $16.25 was deducted from his inmate account prior to the final resolution of his misconduct appeal, such action does not automatically give rise to a constitutional violation. This is because Pennsylvania's DOC policies do not create a right and therefore do not have the force of law. *See* Atwell v. Lavan, 557 F.Supp.2d 532, 556 n.24 (M.D. Pa. Mar. 26, 2008) (citing cases). *See also* United States v. Fattah, 858 F.3d 801, 813-14 (3d Cir. 2017) (citing United States v. Christie, 624 F.3d 558, 573 (3d Cir. 2010) for approval that a "violation of internal policy alone does not amount to a violation of constitutional due process" because government policies and guidelines "do not themselves create rights").

Nevertheless, it is true that inmates have a property interest in funds held in their prison accounts, and they are "entitled to due process with respect to any deprivation of this money." Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997). However, "due process 'is flexible and calls for such procedural protections as the particular situation demands[,]'" Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 12 (1979) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)), in order "to minimize the risk of erroneous decisions." Id. at 13. In the case of deducting funds from prison inmate accounts for "routine matters of accounting," such as medical co-pays and cost of room and board, courts have held that a pre-deprivation process is unnecessary and all that is required is adequate pre-deprivation notice regarding the DOC's policy and an opportunity to be heard through an adequate post-deprivation procedure. *See* Montanez v. Secretary Pennsylvania Dept. of Corrections, 773 F.3d 472, 483-84

---

[2] This section states that "funds shall not be deducted from the inmate's account until such time as an appeal resulting from the misconduct decision is finally resolved or the time for the filing of an appeal has passed without an appeal being filed."

4

(3d Cir. 2014) (citing Reynolds, 128 F.3d 166 and Tillman v. Lebanon County Corr. Facility, 221 F.3d 410 (3d Cir. 2000)).

The Court finds that the fee assessed by the DOC for a financial loss to property due to an inmate's misconduct is the type of routine accounting matter where a pre-deprivation hearing is unnecessary. Importantly, through DC-ADM 801, Section 8, the DOC provides inmates with pre-deprivation notice regarding its assessments to inmate accounts for financial losses and costs associated with an inmate's misconduct.[3] Moreover, such notice is adequate as the DOC provides inmates with access to a list that reflects the cost of replacing commonly damaged items. *See* DC-ADM 801, Section 8(A)(1) (discussing the list that includes "items such as bedding, food trays, and articles of clothing"). The DOC also provides inmates with an adequate post-deprivation remedy to challenge any assessment associated with their misconduct through a cost assessment hearing. *See* DC-ADM 801, Section 8(B)-(F).

Here, Plaintiff received all the process that he was due before the fee for his misconduct was assessed to his inmate account. The fact that funds were withdrawn from Plaintiff's account prior to the final resolution of his misconduct appeal is of no constitutional significance. As such, Defendant Oppman is entitled to summary judgment.[4]

Finally, the Court notes that Plaintiff attempts to relitigate claims that have already been dismissed; for example, his claims against Defendant Lane and his procedural due process violation claim against Defendant Oppman for his role as the responding officer to a grievance of

---

[3] This section provides that an inmate may be ordered as part of their sanction to reimburse the DOC for financial losses or costs associated with their misconduct.

[4] The Court declines to rule on Defendant Oppman's final argument in support of summary judgment, which is his lack of personal involvement in the specific deduction at issue herein.

5

which he was the subject. These claims will not be revisited as they have already been dismissed. *See* ECF No. 43. An appropriate order follows.

Dated: June 18, 2019.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: William Mayo
FZ-2947
SCI Smithfield
P.O. Box 999
Huntingdon, PA 16652

Counsel for Defendants
(*Via CM/ECF electronic mail*)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MAYO, | ) |
| Plaintiff, | ) Civil Action No. 17 – 311 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| MICHAEL OPPMAN, DARLA COWDEN and JAY LANE, | ) ECF No. 54 |
| Defendants. | ) |

## ORDER

**AND NOW**, this 18th day of June, 2019, for the reasons set forth in the Court's Memorandum Opinion filed contemporaneously herewith,

**IT IS HEREBY ORDERED** that Defendant Oppman's Motion for Summary Judgment (ECF No. 54) is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Defendant Oppman and against Plaintiff and mark this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: William Mayo
FZ-2947

SCI Smithfield
P.O. Box 999
Huntingdon, PA  16652

Counsel for Defendants
(*Via CM/ECF electronic mail*)